Marion E. JOHNSON, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Submitted Feb. 12, 1975.

Decided April 29, 1975.

Richard Allen Paul, Asst. Public Defender, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Jeffrey M. Weiner, Deputy Attys. Gen., Wilmington, for plaintiff below, appellee.

QUILLEN, Chancellor:

The appellant, Marion Earl Johnson, was indicted for rape and assault with intent to commit murder. He was found guilty of rape and assault in a jury trial. In this appeal, he challenges the admission into evidence of his confession and the admission into evidence of certain out-of-court statements made by the seventy-five year old victim, Mrs. Florence Glass.

Initially, we turn to the appellant's claim that the "confession . . . should not have been admitted since the State failed to establish the corpus delicti of the rape by competent, independent evidence." *

It has long been the law of this State and elsewhere that a confession standing alone cannot support a conviction. State v. Miller, Del.Ct. of Oyer & Terminer, 32 A. 137 (1892). But the *corpus delicti* does not have to be proved beyond the possibility of doubt to permit evidence of a confession of the accused to be submitted to the jury. State v. Kehm, Del. Super., 9 Terry 372, 103 A.2d 781 (1954). Some evidence of corpus delicti is required independent of a confession. Nelson v. State, Del.Supr., 11 Terry 96, 123 A.2d

* Actually, there were two confessions in evidence, an oral statement to Detective Green followed by a written statement to Detective

859 (1956). This Court, in two cases, relying on "the prevailing American rule", has written that "proof of the corpus delicti requires (1) proof of injury, death, or loss, according to the nature of the crime, and (2) proof of criminal means as the cause." Derrickson v. State, Del.Supr., 321 A.2d 497 (1974); Nelson v. State, *supra.*

The appellant argues that, while the independent evidence alone under the *Nelson* case need not establish the corpus delicti beyond a reasonable doubt, there should be "substantial independent evidence of all elements of the offense charged" and there was not in this case sufficient independent evidence of rape.

It should first be noted that there is no Delaware law cited for the requirement of "substantial independent evidence of all elements of the offense charged." The *Nelson* case, to the contrary, reads "some evidence". Nor does the arument find any assistance in recent Federal law. The Federal law requires the government, in order to furnish sufficient corroboration, to introduce "substantial independent evidence" to show the truthworthiness of the statement. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Indeed, it has specifically been held by Federal Courts that "it is unnecessary for the prosecutor to introduce substantial independent evidence of each element of the offense with which the defendant is charged." United States v. Wilson, 436 F.2d 122 (3rd Cir. 1971); Landsdown v. United States, 348 F.2d 405 (5th Cir. 1965).

In Delaware, where the requirement of corroboration is also to protect against "the danger of an occasional false or untrustworthy confession" and where some proof of specific factors, injury and cause, is required, there is no need to further require a special measure of proof of the corroborating evidence. Nelson v. State, *supra.* Thus, the legal premise of

Sergeant Jones and Sergeant Longyear. Both confessions fully admitted the crime of rape.

the appellant's argument is wrong insofar as Delaware law is concerned and Delaware law appears to be resting on a sound policy base.

The appellant's argument also clearly fails on the facts of this case. There is strong independent evidence of rape under any legal standard, without even relying on the out-of-court statements of victim, the admission of which is also being contested on this appeal. The testimony of Dr. El-Far, who treated the victim at the hospital on the same morning as the incident, standing alone, shows that Mrs. Glass was brutally attacked and generally suffered numerous injuries. Specifically, on the penetration question raised by the appellant, the doctor testified that "the external genitalia were stained with blood", "the vagina was full of bright red blood", and there was an "internal" laceration in "the upper part of the vagina in the posterior wall" consistent with intercourse. Mrs. Glass's in-court testimony shows that she was grabbed by a gloved hand from the rear. She next remembers being on her hands and knees with her clothes "all open down the front . . . feeling fairly woozy and [her] head was aching."

■ This evidence surely constitutes some proof of the injury associated with the crime of rape and the criminal means as to cause. Thus, there was evidence of corpus delicti, independent of, and corroborating the confessions, which, when viewed with the confessions, clearly justified the conclusion that corpus delicti was proved beyond a reasonable doubt.

The appellant also contends that certain oral out-of-court statements made by the victim should not have been received in evidence. Four separate statements were admitted.

Patrolman Tucker interviewed Mrs. Glass at 9:00 A.M. on February 18, 1973. She told him that she was attacked from behind, her eyes were covered, she was knocked down, sexually assaulted after her under-pants were ripped, struck twice and knocked down again.

Dr. El-Far testified that, when he was treating Mrs. Glass at 11:25 A.M. on February 18, 1973, she told him that she had been raped and a colored boy had done it.

Sergeant Jones testified that he interviewed Mrs. Glass, at 5:35 P.M. on February 18, 1973, and that she told him that, about eight o'clock that morning, she was grabbed from behind by a gloved hand, knocked to the ground, hit and kicked, had part of her clothing torn from her, and was raped. She could not say whether her assailant was black or white.

Sergeant Jones also testified that he interviewed Mrs. Glass on February 20, 1973 wherein she described generally her assailant's clothes and gave a somewhat different description of him than she had given two days earlier. She described him as light complexioned and probably colored.

The State argues that the victim's out-of-court statements were properly admitted under 11 Del.C. § 3509 (which now appears in the 1974 Revision of the Delaware Code Annotated as 11 Del.C. § 3507). This Statute was recently the subject of an opinion by the Court in Keys v. State, Del.Supr., 337 A.2d 18 (1975). The Statute is quoted there in full. We have not considered whether there is an independent basis for admission of any of the statements aside from the Statute.

Since this Court decided that the *Keys* case (and others decided the same day) would have prospective application only, *Keys* does not necessarily govern this appeal where the trial predated the effective date of *Keys*. But we will dwell on *Keys* for a moment because it helps set the stage for the dispute here and because this case was under advisement at the time of *Keys*.

In *Keys*, we concluded that, in order to use the out-of-court statement of a witness, the legislative language requires the in-court production and direct examination of

the witness by the offering party and that direct examination should touch on both the events perceived and the out-of-court statement itself.

In this case, Mrs. Glass was in fact called to the witness stand and directly examined by the State. In addition to the portion of her testimony already noted, she testified that, after the attack, she staggered up the street where she passed out, and, except for the one brief interval when she remembers somebody doing something to her head, after which she passed out again, she remembers nothing until late in the evening when she was offered medicine. She did not realize she was in the hospital until the next day.

Thus, as to the requirement of producing the witness for direct examination, *Keys* was satisfied. The requirement that the direct examination touch on the events perceived was also satisfied, although there was limited recall. The requirement that the direct examination touch on the out-of-court statements was not expressly satisfied but Mrs. Glass did indicate that she did not recall anything during a time which includes the first three out-of-court statements noted above. She was not asked a single question about any of the statements by the defense. Thus, in effect, *Keys* was fully satisfied as to the first three out-of-court statements. As to the fourth statement, even if *Keys* was applicable, we would find the failure to touch on the fourth statement in direct examination was harmless and harmless beyond any reasonable doubt. Superior Court Criminal Rule 52, Del.C.Ann.; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Indeed, the transcript shows clearly that it was the defense, by cross examination of Sergeant Jones, that made the most effective use of the February 20th statement on the identification issue.

But the appellant here argues that admission into evidence of the out-of-court statements was improper both under our Statute and under the Sixth and Fourteenth Amendments of Federal Constitution since Mrs. Glass had limited recall and therefore was not effectively subject to cross examination.

It initially should be noted that the defense did not attempt any detailed cross examination of Mrs. Glass, presumably for good tactical reasons since she was a victim who evoked considerable sympathy. The defense basically satisfied itself by establishing that Mrs. Glass could not identify the defendant as her assailant. Thus, the claim of denial of effective cross examination is somewhat tenuous on its face. But we pass that point.

■ While the Statute does require that the out-of-court declarant be subject to cross examination, it does not expressly require any specific quality of cross examination or key the admission of the out-of-court statement to any particular recall in court on the part of the witness. To the contrary, the draftsmen of the Statute expressly contemplated that the in-court testimony might be inconsistent with the prior out-of-court statement. One of the problems to which the Statute is obviously directed is the turncoat witness who cannot recall events on the witness stand after having previously described them out-of-court. We conclude that there is nothing in the Statute or its intent which prohibits the admission of the statements on the basis of limited courtroom recall.

■ Turning to the contention that the admission constituted a Constitutional violation, we take full note of the cases relied upon by the appellant. Cross examination obviously does play an essential role in an accused's Sixth Amendment right to confront the witness against him. Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). This role is protected by the Fourteenth Amendment in State prosecutions. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). But the appellant has cited no case which directly hits the issue of limited recall.

In the case of California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the United States Supreme Court, with five Justices joining, found the question not ripe for decision. 399 U.S. at 168–169, 90 S.Ct. 1930. Two Justices (Harlan and Brennan) did face the issue with conflicting results. 399 U.S. at 188–189 and 194, 90 S.Ct. 1930. A three judge panel on the Fourth Circuit, by a vote of two to one, would evidently allow the prior statement over a claim based on the Confrontation Clause. United States v. Payne, 492 F.2d 449 (4th Cir. 1974), cert. den. 419 U.S. 875, 95 S.Ct. 138, 42 L.Ed.2d 115 (1974).

We tend to agree with the view of the Fourth Circuit in United States v. Payne, *supra,* and with the concurring opinion of Justice Harlan in California v. Green, *supra,* upon which the Payne case relies. The prosecution has physically produced the declarant in court and has thus done everything in its power to give the defendant the fullest opportunity to present his best defense. The jury can make a judgment in the light of all the circumstances presented, including any claim by the witness denying the prior statement, or denying memory of the prior statement or operating events, or changing his report of the facts. DiCarlo v. United States, 6 F.2d 364 (2d Cir. 1925), cert. den. 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168 (1925); Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971).

· In view of the caution of the United States Supreme Court in this area, we, too, hesitate to attempt a rule of general application. We follow the avenue suggested by the United States Supreme Court in California v. Green, *supra.* In that case, where the witness affirmed the out-of-court statement but denied memory of the operative facts, the Supreme Court through Justice White said at 399 U.S. 169–170, 90 S.Ct. 1940:

"Whether [the witness's] apparent lapse of memory so affected [the defendant's] right to cross-examine as to make a critical difference in the application of the Confrontation Clause in this case is an issue which is not ripe for decision at this juncture. The State court did not focus on this precise question, which was irrelevant given its broader and erroneous premise that an out-of-court statement of a witness is inadmissible as substantive evidence, whatever the nature of the opportunity to cross-examine at the trial. Nor has either party addressed itself to the question. Its resolution depends much upon the unique facts in this record, and we are reluctant to proceed without the state court's views of what the record actually discloses relevant to this particular issue. . . ."

The above comment suggests that a case by case approach with emphasis on each case's particular facts is appropriate in determining whether there has been a violation of the Confrontation Clause due to a lack of effective cross examination. This view is reinforced by Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) where, at 400 U.S. 87, 91 S.Ct. 219, the admission, under a state statute, of the statement of an accomplice, who was not a trial witness, was held "in the circumstances of this case" not to violate the Constitution. The case did not "involve evidence in any sense 'crucial' or 'devastating'". Similarly, in Nelson v. O'Neil, *supra,* at 402 U.S. 629–630, 91 S.Ct. 1727, the United States Supreme Court found no Constitutional violation "where a codefendant . . . in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts".

In this case, the out-of-court statements of the victim did not specifically implicate the defendant. Sergeant Jones testified the defendant is not light complexioned. Thus, the victim's limited out-of-court description of the assailant was inconsistent with identification of the de-

fendant and generally helpful to the defense, although some general clothing descriptions were consistent. The fact that the out-of-court statements specifically supported rape was not crucial either. We have already noted some of the physical evidence of rape and this was confirmed by the defendant's own confessions which we find above to have been properly admitted over the claim of the appellant in this appeal. There is simply no reasonable doubt on this record, independent of the out-of-court statements of Mrs. Glass, that she was raped on the morning in question and that the jury accepted the version of events contained in the confessions. This being the case, on the facts and circumstances here, there can be no violation of the Confrontation Clause because of the absence of effective cross examination of Mrs. Glass.

The judgment below is affirmed.