**Andre K. BLAKE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 206, 2009.

Supreme Court of Delaware.

Submitted: June 2, 2010.
Decided: July 22, 2010.

---

30. Super. Ct.Crim. R. 61.

31. *Miller v. State,* 893 A.2d at 951.

32. *Miller v. State,* 893 A.2d at 951.

33. *Id.* at 951–52; *see also id.* at 951 n. 51.

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Paul R. Wallace, Esquire (argued), and James T. Wakley, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

The defendant-appellant, Andre Blake ("Blake"), was arrested and subsequently charged with Murder in the First Degree, Attempted Murder in the First Degree, Possession of a Firearm by a Person Prohibited, eight counts of First Degree Reckless Endangerment, and ten counts of Possession of a Deadly Weapon During the Commission of a Felony. After a ten-day jury trial held in January 2009, Blake was convicted of all charges. Blake was subse-

quently sentenced to life imprisonment for the conviction of Murder in the First Degree and to various periods of incarceration for the other convictions.

This appeal is part of a trilogy of cases that were consolidated for oral argument *en Banc* because they all involved recurring problems with regard to the admission of evidence under title 11, section 3507 of the Delaware Code.[1] The first issue in Blake's appeal relates to the proper foundational requirements that must be established before the prior statement of a witness can be admitted into evidence under section 3507, and how those requirements relate to the Sixth Amendment. The second issue relates to the proper redaction of third-party statements from a witness interview or interrogation before it can be admitted into evidence under section 3507. The first issue was examined in our decision issued today in *Woodlin v. State,* and the second was addressed in our decision issued today in *Stevens v. State.*

In Blake's appeal we hold that the Superior Court committed reversible error by admitting the prior statements of five witnesses into evidence under section 3507, because the proper foundational requirements were not established. Since this matter will be remanded for a new trial, we do not decide whether the comments of third parties were properly redacted from those five otherwise inadmissible statements. Those redaction issues should be addressed upon remand in accordance with our opinion issued today in *Stevens.*

### Facts [2]

A series of fights occurred between numerous females on the evening of August 31, 2007, and into the early morning hours of September 1, in the vicinity of 23 N. New Street in Dover, Delaware. The combatants included Sareatha Majors ("Majors"); Stephanie Fisher ("Fisher") and several other persons. One of the alleged instigators of the fights, who denied being a participant, was Renee Land ("Land").

At approximately 12:45 a.m. on September 1, Dover Police Officer Jeff Matthews ("Officer Matthews") followed four motor vehicles that were, apparently, "traveling with a purpose" to N. New Street. The lead vehicle was a Ford Expedition driven by Jacqueline Douglas, a/k/a Jackie Riddick. The other passengers in the vehicle were Kimberly Riddick (right front seat), Kenneth Riddick (left middle seat), Donta Durham ("Durham") (right middle seat) and Tymir Riddick and Kiyersha Riddick, both third row passengers. Land flagged down Jackie Riddick, who stopped the Ford in the vicinity of a vacant lot. Land walked up to the Ford and began speaking with one or more of the occupants.

Shortly thereafter, a series of gunshots were discharged from the vacant lot. One bullet was found inside the Ford Expedition after it shattered that vehicle's window. Kenneth Riddick was shot by another bullet. Jackie Riddick drove Kenneth to Kent General Hospital where he was pronounced dead at 1:18 a.m.

At approximately 7:45 a.m. on September 1, the Dover Police returned to the scene and found four spent shell casings in the vacant lot at 21 N. New Street. The police also located a 9mm Ruger semi-automatic pistol that was partially protruding from underneath a trash can located at the rear of 23 N. New Street. No fingerprints were recovered from the Ruger. Dover Police Detective Marc Gray ("Detective Gray") testified that he did not

---

**1.** *See Stevens v. State,* 3 A.3d 1070 (Del.2010); *Woodlin v. State,* 3 A.3d 1084 (Del.2010).

**2.** This factual recitation is taken primarily from the appellant's opening brief.

even attempt to obtain fingerprints from the shell casings or the bullets. Similarly, Detective Gray did not attempt to recover fingerprints from live rounds of ammunition that were found at the scene. Ballistics tests indicated the bullet recovered from the body of Kenneth Riddick during the autopsy, as well as the four shell casings and bullets, were all fired from the Ruger located under the trash can.

The Dover Police interviewed, and recorded the statements of, Land, Majors, Alexis Tilghman ("Tilghman"), Leia Tolson ("Tolson") and Fisher.[3] The State introduced all five of the witnesses' out-of-court statements from their recorded interviews with the police, pursuant to title 11, section 3507 of the Delaware Code. Each of those out-of-court statements implicated Blake as the shooter. The jury was shown videotapes of the interrogations between the police and each of the five witnesses. The State presented no physical evidence that connected Blake to the shooting.

Blake was charged with Attempted Murder in the First Degree of Land, and with First Degree Murder of Kenneth Riddick, under a theory of Transferred Intent. Blake was also charged with eight counts of Reckless Endangering in the First Degree (one count for each person in the Ford Expedition: Jackie Riddick, Kimberly Riddick, Durham, Tymir Riddick and Kiyersha Riddick; one count for John Wyatte who was standing near the Ford; plus two counts for the people sleeping across the street, Shirley Heath and Shawn Heath). Blake was also charged with ten counts of Possession of a Firearm During the Commission of a Felony. He was convicted by the jury on all counts.

### Inadequate Section 3507 Foundation

 Title 11, section 3507 of the Delaware Code provides:

(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.

(b) The rule in subsection (a) of this section shall apply regardless of whether the witness' in-court testimony is consistent with the prior statement or not. The rule shall likewise apply with or without a showing of surprise by the introducing party.

(c) This section shall not be construed to affect the rules concerning the admission of statements of defendants or of those who are codefendants in the same trial. This section shall also not apply to the statements of those whom to cross-examine would be to subject to possible self-incrimination.[4]

 Today's opinion by this Court in *Woodlin* sets forth a comprehensive review and analysis of the section 3507 foundational requirements that must be established by the State during the direct examination of a witness, as a condition precedent to admissibility of the witness' prior statement. The foundational requirements applicable to Blake's appeal were summarized by this Court two decades ago in *Ray v. State:*

In *Keys v. State,* 337 A.2d 18, 20 n. 1 (Del.1975), this Court stated that: "In order to offer the out-of-court statement of a witness, the statute requires the direct examination of the declarant by the party offering the statement, as to

---

**3.** The Dover Police also interviewed Donta Durham, Jackie Riddick and Kimberly Riddick. None of those three individuals could identify the person who fired the shots.

**4.** Del.Code Ann. tit. 11, § 3507 (2007).

both the events perceived or heard and the out-of-court statement itself." *Thus, a witness' statement may be introduced only if the two-part foundation is first established: the witness testifies about both the events and whether or not they are true.* Finally, in order to conform to the Sixth Amendment's guarantee of an accused's right to confront witnesses against him, the victim must also be subject to cross-examination on the content of the statement as well as its truthfulness. *Johnson v. State*, 338 A.2d 124, 127 (Del.1975).[5]

The trial judge permitted the State to introduce into evidence the out-of-court statements of Land, Majors, Tilghman, Tolson and Fisher from their video and audio taped interviews with police. Each of those prior statements implicated Blake in the crimes and was introduced by the State under section 3507. The extent of the State's direct examination of each of the five witnesses was laconic. The State's direct examination of Tolson is illustrative:

Q: Your name is Leia Tolson?

A: Yes.

Q. And how old are you?

A: I'm 19.

Q: And what town and state do you live in?

A. Magnolia, Delaware.

Q: You recall the alleged events that occurred on or about September 1, 2007 in the vicinity of North New Street, Dover, Delaware?

A: Yes.

Q: You spoke to the Dover Police Department about that?

A: Yes.

Q: You did so voluntarily?

A: Yes.

The State's direct examination of Tilghman and Fisher was similar.

A two-part foundation must be established by the State during its direct examination before a witness' prior statement can be admitted under section 3507. First, the witness must testify about the events. Second, the witness must indicate whether or not the events are true.[6]

Blake argues that the trial court abused its discretion by allowing the recorded police interviews of Land, Majors, Tilghman, Tolson and Fisher to be presented to the jury, pursuant to section 3507, without a proper foundation. In this appeal, a supplemental filing by the State concedes: "With respect to Tilghman, Tolson and Fisher, the State agrees with Blake that the direct examination of each witness was insufficient to meet the foundational requirements of title 11, section 3507." We commend the State for its professionalism and candor in confessing error with regard to the inadmissibility of those three witnesses' prior statements.

The State acknowledges that none of the five section 3507 witnesses was asked, on direct examination, whether or not the statements they made to police were truthful. The State also acknowledges that this Court, in *Ray v. State*, held that such a question was foundational. Nevertheless, the State argues that the prior statements of Land and Majors did touch upon the events [7] and, therefore, were properly ad-

---

**5.** *Ray v. State*, 587 A.2d 439, 443 (Del.1991) (emphasis added).

**6.** *Ray v. State*, 587 A.2d at 444. *See Keys v. State*, 337 A.2d 18, 24 (Del.1975) (holding State required to question witness on direct examination regarding events perceived and out-of-court statement made before out-of-

court statement could be admitted as affirmative evidence.).

**7.** We need not decide if those prior statements did touch upon the events because the absence of the second foundational requirement is case dispositive.

mitted into evidence "absent their specific testimony that their prior statements were truthful or false."

The State contends that certain of this Court's decisions after *Ray* "have caused some confusion as to the necessity of asking the truthfulness question on direct examination in every instance." As an example, the State notes that this Court has, since *Ray*, also held that "there is no requirement that the witness either affirm the truthfulness of the out-of-court statement, or offer consistent trial testimony." [8] As a result, the State submits, there appears to be some inconsistency in the trial court decisions regarding the truthfulness aspect of section 3507 practice. In support of that assertion, the State summarized the trial judge's ruling in Blake's case as follows:

> After the State finished its direct examination on *voir dire*, Blake argued that the State, under *Ray* and *Acosta* [*v. State* ][9], was required to ask Land whether her statement was truthful. The Superior Court, recognizing that the statement could be played for the jury whether Land said that her prior statements were truthful or not, ruled that the statement could be played for the jury without such an inquiry.

That ruling is contrary to this Court's holdings in both *Ray v. State* and *Moore v. State.*

After *Ray* and *Moore* were decided, there was no reason for confusion, because our holding in *Moore* was completely consistent with *Ray*, where we construed *Johnson v. State* [10] as standing for the proposition that the witness must testify about "*whether or not*" the prior statement is true. In *Johnson* we specifically recognized that the drafters of section 3507 "expressly contemplated that the in-court testimony [of a witness] might be inconsistent with the prior out-of-court statement. One of the problems to which [section 3507] is obviously directed is the turncoat witness...." [11] Accordingly, our 1995 decision in *Moore* clearly explained, "*[u]nder section 3507, there is no requirement that the witness either affirm the truthfulness of the out-of-court statement, or offer consistent trial testimony.*" [12] Moreover, the foregoing sentence that is quoted from *Moore* is followed by "*See Ray v. State,* Del.Supr., 587 A.2d 439, 443 (1991) ("[A] witness' statement may be introduced only if ... the witness testifies about both the events and *whether or not they are true.*")."

### Sixth Amendment Considerations

██ The foundational requirement that the witness indicate whether or not the prior statement is true is one reason why the substantive operation of section 3507 does not violate the Sixth Amendment. In *Ray*, we held that the declarant must testify about whether or not the prior statement is truthful because, as *Johnson* recognized, cross-examination plays an essential role in an accused's Sixth Amendment right to confront the witness against him. [13] Therefore, in *Johnson* we held that the jury or trier of fact must assess the declarant's credibility on the witness stand "in the light of all the circumstances presented, including any claim by the witness denying the prior statement, or de-

**8.** *Moore v. State,* 1995 WL 67104, at *2 (Del. Feb. 17, 1995).

**9.** *Acosta v. State,* 417 A.2d 373 (Del.1980).

**10.** *Johnson v. State,* 338 A.2d 124 (Del.1975).

**11.** *Id.* at 127.

**12.** *Moore v. State,* 1995 WL 67104, at *2 (emphasis added).

**13.** *Ray v. State,* 587 A.2d 439, 443 (Del.1991); *Johnson v. State,* 338 A.2d 124, 127 (Del. 1975).

nying memory of the prior statement or operating events, or changing his [or her] report of the facts."[14] In *Johnson,* we adopted—and have since followed—a case-by-case approach in determining whether a prior statement has been admitted into evidence under section 3507 in violation of an accused's Sixth Amendment right to confrontation.

The Sixth Amendment requires an entirely proper foundation, if the prior statement of a witness is to be admitted under section 3507 as independent substantive evidence against an accused. This Court has consistently and unequivocally held "a witness' statement may be introduced **only** if the two-part foundation is first established: the witness testifies about **both** the events and *whether or not they are true.*"[15] Accordingly, in *Ray* we held that "in order to conform to the Sixth Amendment's guarantee of an accused's right to confront witnesses against him, the [witness] must also be subject to cross-examination on the content of the statement *as well as its truthfulness.*"[16]

In Blake's case, the State concedes that none of the five 3507 witnesses was asked whether or not their prior statements were true. Therefore, the trial judge erroneously permitted the State to rely upon section 3507 to introduce the prior out-of-court statements from five crucial witnesses even though the State did not lay the proper foundation. The erroneous admission of the five witnesses' statements under section 3507 without a proper foundation requires Blake's convictions to be reversed unless those errors were harmless.

## No Harmless Error

During oral argument before a panel of this Court, the State acknowledged that the prior statements of three witnesses were erroneously admitted under section 3507. Prior to oral argument *en Banc,* we directed the parties to file supplemental memoranda on the issue of harmless error. The State argued that admittedly erroneous admission of three prior statements was harmless because the other two statements were properly admitted. In this opinion we have determined that the prior statements of all five witnesses were inadmissible under section 3507.

The State offered no physical evidence connecting Blake to the charged crimes. The only evidence that linked Blake to the shooting was presented by the prior statements of five witnesses that were all erroneously admitted under section 3507. In fact, the trial judge noted that the only evidence that "puts the gun in Blake's hand" came from three of those prior statements. Accordingly, the record reflects that the erroneous admission of the five witnesses' statements under section 3507 without a proper foundation was not harmless beyond a reasonable doubt.

## Conclusion

The judgments of the Superior Court are reversed. This matter is remanded for further proceedings in accordance with this opinion.

**14.** *Johnson v. State,* 338 A.2d at 128 (citations omitted).

**15.** *Ray v. State,* 587 A.2d at 443 (emphasis added).

**16.** *Id.*