VAUGHN, Justice,
concurring:
In order to avoid the time-bar of Superi- or Court Rule 61(f)(1), Mr. Flowers must proceed under Rule 61(f)(5) by showing that he has a “colorable claim that there was a miscarriage of justice because of a constitutional violation thát undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.”[1] In other words, he must begin by showing there *284 was a constitutional violation. The Superi- or Court found there was a violation of Mr. Flowers’ Sixth Amendment right to confront .witnesses against him. Specifically, the Superior Court found that Mr. Flowers’ right to confront witnesses was violated because the State did not ask the witnesses on direct examination, prior to admission of their § 3507 statements,[2] whether the prior, out-of-court statements were true or not. In reaching its conclusion, the Superior Court relied upon and followed this Court’s decisions in Ray v. State[3] and Blake v. State.[4]
In Ray this Court first established the requirement that the witness must be asked on direct examination whether the prior, out-of-court statement is true before the statement can be introduced under § 3507.[5] Specifically, the Court said:
Thus, a witness’ statement may be introduced only if the two-part foundation is first established: the witness testifies about both the events and whether or not they are true.[6]
The requirement that the State ask on direct examination whether the prior, out-of-court statement is true was restated and elevated to Sixth -Amendment status in Blake, as illustrated by the following passages from that decision:
After Ray and Moore were decided, there was no reason for confusion, because our holding in Moore was completely consistent with Ray, where we construed Johnson v. State as standing for the proposition that the witness must testify about whether or not the prior statement was true.
[[Image here]]
The Sixth Amendment requires an entirely proper foundation, if the prior statement of a witness is to be admitted under section 3507 as independent substantive evidence against an accused. This Court has consistently and unequivocally held “a witness’ statement may be introduced only if the two-part foundation is first established: the witness testifies about both the events and whether or not they are true. Accordingly, in Ray we held that “in order to conform to the Sixth Amendment’s guarantee of an accused’s right to confront witnesses against him, the [witness] must also be subject to cross-examination on the content of the statement as well as its truthfulness.[7]
It is of course true that the witness must be subject to cross-examination on the content of the statement as well as its truthfulness. But I find nothing in the text of § 3507 or the Sixth Amendment that requires the state to ask the witness on direct examination, as a foundational question, whether the prior, out-of-court is true or not.
§ 3507 provides, in pertinent part:
(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.
(b) The rule in subsection (a) of this section shall apply regardless of whether the witness’ in-court testimony is consistent with the prior statement or not. The rule shall likewise *285 apply with or without a showing of surprise by the introducing party.[8]
This Court first discussed the foundational requirements of § 8507 in Keys v. State,[9] decided sixteen years before Ray.[10] In Keys, the Court stated, in pertinent part:
We conclude that, in order to use the out-of-court statements of Wells, in the situation presented by this case, the legislative language required the production and direct examination of the witness Wells by the prosecution. We do not mean to suggest any precise form of direct examination except that it should touch both on the events perceived and the out-of-court statement itself.[11]
I agree with this analysis from Keys. The state must call the witness and conduct a direct examination which touches on the events perceived and the out-of-court statement. But the direct examination does not need to be conducted in any precise form and there is no single question which precisely must be asked. If the State wishes to ask the witness whether the statement is true or not, it is free to do so. If the defense wishes to ask the witness whether the statement is true or not, it is free to do so. As I read the statute, neither side is required to do so.
The United States Supreme Court has stated that “the Confrontation Clause imposes a burden on the prosecution to present its witnesses.”[12] In addition, the Clause “has long been read as securing an adequate opportunity to cross-examine adverse witnesses.”[13] The Court has further stated that “when a hearsay declarant is present at trial and subject to unrestricted cross-examination ... the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness’ demeanor satisfy the constitutional requirements” of the Confrontation Clause.[14] In this case, the State called its witnesses, who testified under oath, and the defendant had a full and fair opportunity to cross-examine each. In my opinion, the Sixth Amendment was satisfied.
At oral argument, counsel for Mr. Flowers argued that the following passage from California v. Green supports a requirement that the State ask the witness on direct examination whether the prior, out-of-court statement is true or not:
Thus, as far as the oath is concerned, the witness must now affirm, deny, or qualify the truth of the prior statement under the penalty of perjury; indeed, the very fact that the prior statement was not given under a similar circumstance may become the witness’ explanation for its inaccuracy— an explanation a jury may be expected to understand and take into account in deciding which, if either, of the statements represents the truth.[15]
I read this passage as simply meaning that the witness at trial, under oath, can be confronted with the prior, out-of-court statement. Whether that confrontation oc *286 curs during the State’s direct examination or the defendant’s cross-examination is, I think, without Sixth Amendment significance.
Since the State called its witnesses at trial and the defense had a full, unrestricted opportunity to cross-examine them, my conclusion is that no Sixth Amendment violation occurred. I would reverse the judgment of the Superior Court on the ground that Mr. Flowers has failed to show a constitutional violation for the reasons set forth in this concurrence.

. Del. Super. Ct. R 61(i)(5).

. 11 Del. C. § 3507.

. 587 A.2d 439 (Del. 1991).

. 3 A.3d 1077 (Del. 2010).

. 587 A.2d at 443.

. Id.

. 3 A.3d at 1082-83 (emphasis in original).

. 11 Del. C. §§ 3507(a)-(b).

. 337 A.2d 18 (Del. 1975).

. 587 A.2d at 443.

. 337 A.2d at 23.

. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

. U.S. v. Owens, 484 U.S. 554, 557, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

. Id. at 560, 108 S.Ct. 838.

. 399 U.S. 149, 158-59, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).