**Ernest David OUTLAW, Defendant Below,
Appellant,**

v.

**STATE of Delaware, Plaintiff Below,
Appellee.**

Supreme Court of Delaware.

Submitted Sept. 9, 1974.

Decided Oct. 11, 1974.

Richard Allen Paul, Chief Asst. Public Defender, Wilmington, for defendant below, appellant.

Joseph A. Hurley and William E. Wright, Deputy Attys. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

PER CURIAM:

Defendant appeals from convictions for rape and robbery, contending that an erroneous standard was applied to test the voluntariness of his confession and that a video-taped deposition of an absent witness should not have been admitted into evidence.

I

The Trial Court charged the jury that the burden was on the State to show by a preponderance of the evidence that defendant's statement had been given voluntarily. Defendant argues that the jury should have been instructed to consider the statement only if there was proof beyond a "reasonable doubt" that it had been given voluntarily.

The contention is controlled by our recent decision in State v. Dickerson, Del.Supr., 325 A.2d 367 (1974). We there confirmed the rule, followed in this State for at least twenty years, that proof by a preponderance of the evidence is a sufficient basis on which to admit a confession into evidence; proof beyond a reasonable doubt is not required. Hence, the defendant may not prevail on his first argument.

II

Next, defendant challenges the admission of a video-taped deposition which was shown to the jury over his objection. The deponent was a physician who had examined the victim following the attack but who was unavailable to testify at trial. Both prosecuting and defense attorneys

had attended the deposition but defendant elected not to be present. The deposition was recorded by both a video camera and a court reporter.

The essence of the medical testimony was that intercourse had occurred, a fact corroborated by a second physician who testified at trial to that effect and who was cross-examined by counsel for defendant.

Defendant's argument, as we understand it, is to the use of video tape *per se,* not to the fact that a deposition was used.*

■ Assuming *arguendo* that it was error, for whatever reason, to admit the videotaped deposition into evidence, it was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967); Day v. State, Del.Supr., 291 A.2d 286 (1972). The evidence against defendant, exclusive of the contested tape, was sufficient to sustain the conviction. The deposition reflected little more than the doctor's conclusion that intercourse had taken place and, as noted above, the same testimony was, in substance, given by another medical witness who testified. Defendant has failed to show any prejudice and, indeed, he admits that the fact of intercourse was not in issue. If error there was, it was harmless beyond a reasonable doubt.

Affirmed.

---

* Although defendant argued below that live testimony was preferable to the deposition, the record suggests that the issue in dispute was whether to use the transcript prepared by the court reporter or the video tape. The record is unclear as to which party had moved for the deposition order, but defendant does not here argue a Superior Court Criminal Rule 15(a) (which permits a deposition to be taken only upon motion of a defendant) violation.