**Dwayne R. HATCHER, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued March 12, 1975.

Decided April 7, 1975.

Hilmar L. Fricke and Arlen B. Mekler, Asst. Public Defenders, Wilmington, for defendant below, appellant.

David H. Erisman, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Defendant appeals from convictions for possession with intent to deliver a Narcotic Schedule I Controlled Substance (heroin), 16 Del.C. § 4751, and for maintaining a dwelling for delivering such substances, 16 Del.C. § 4755(a)(5). He argues that the State did not produce sufficient evidence to prove that he had possession of the drugs and that an out-of-court statement of a witness introduced by the prosecution under 11 Del.C. § 3507 (formerly, § 3509) was involuntarily made.

## I

We consider the latter contention first because if the statement was properly admitted, it is determinative of this appeal.

The statement, in effect, showed that the person who made it, Lulu Washington, was an agent for defendant in keeping and delivering the drugs.[1] Proof of possession through an agent is proof of possession under the statute, 16 Del.C. §

---

1. In addition to the statement, circumstantial evidence showed a nexus between defendant and the apartment where the drugs were found: his wallet (containing driver's license and identification) and an article of clothing were found there; he lived on the same street; and during the search, police spotted defendant walking toward the apartment and he turned and fled, apparently after warning from a bystander.

4701, 4751. The critical question, then, is whether the statement was properly admitted in evidence under the Statute, 11 Del. C. § 3507.[2]

The basic procedure for admitting a statement under the Statute is announced in our opinion in Keys v. State, Del., 337 A.2d 18, 1975. The attack here is based upon the contention that the witness did not voluntarily make the statement to the police, an argument not made in *Keys.* Supplementing *Keys,* we now examine the requisite procedure to determine an issue of the voluntariness of a § 3507 statement.

The Trial Judge conducted a *voir dire* as to the voluntariness of the statement and then admitted it into evidence, saying:

"  .  .  .  I think this all ought to go before the jury with a proper instruction at the end of the case.  Let the jury judge the whole thing."

Apparently, the Trial Court made no determination as to the issue of voluntariness. Therein lies the difficulty in this case.

■■■ When a party in a criminal case offers a statement under § 3507, he must lay an appropriate foundation, as specified in *Keys.* The Statute requires as a condition of admission that the statement be "voluntary"; as part of the foundation, therefore, the offering party must show that the statement was voluntarily made. The voluntary nature of the statement may be elicited from the declarant during the direct examination now required by *Keys.* However, if the declarant denies that the statement was voluntarily given or if an issue is raised in any other way as to its voluntary nature, the Court should hear the matter on *voir dire.*

■ In deciding whether or not a proffered statement was voluntarily made, the Trial Court should be guided by the standards announced in Lego v. Twomey, 404

U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). While those cases dealt with the voluntariness of a defendant's out-of-court confession and not prior out-of-court statements of witnesses generally, the possibility of coercion by improper conduct is no less present in the one than in the other.

■■ Thus, a party who properly contests the voluntariness of a § 3507 statement is entitled to a "reliable and clear cut determination," Lego v. Twomey, supra, that the statement was voluntarily rendered. A separate hearing (independent of the trial) is not required but, of course, the *voir dire* and determination by the Court should be conducted out of the jury's presence.

■ The Trial Court must be satisfied that the offering party has shown by a preponderance of the evidence that the statement was voluntarily made, Outlaw v. State, Del.Supr., 327 A.2d 606 (1974); Dickerson v. State, Del.Supr., 325 A.2d 367 (1974); Lego v. Twomey, supra, and must render an explicit determination on the issue, compare Hill v. State, Del.Supr., 316 A.2d 557 (1974), before admitting it for the jury's consideration. After a statement is admitted into evidence any party may then present evidence on the voluntariness issue for consideration by the jury under appropriate instructions.

## II

■ Since the Trial Court did not make the explicit finding required, the case must be remanded with instructions to make a determination of the voluntariness of the statement by Lulu Washington in accordance herewith.  Compare Hill v. State, supra.

Jurisdiction is reserved.

---

**2.** 11 Del.C. § 3507 provides in part:
"(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value."