**Emanuel TURNER, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

**No. 194, 2010.**

Supreme Court of Delaware.

Submitted: Aug. 16, 2010.

Decided: Oct. 11, 2010.

Peter W. Veith, Esquire, Wilmington, Delaware, for the Appellant.

Timothy J. Donovan, Jr., Esquire, of the Department of Justice, Wilmington, Delaware, for the Appellee.

Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

RIDGELY, Justice:

Defendant–Appellant Emanuel Turner appeals from his Superior Court convictions at a bench trial for assault second degree, possession of a firearm during the commission of a felony ("PFDCF") and possession of a firearm by a person prohibited ("PFPP"). Turner raises two arguments on appeal. First, he contends that his rights to effective assistance of counsel and a fair trial were violated when the Superior Court Judge left the bench during Turner's closing argument. Second, he contends that the Superior Court improperly admitted the victim's out-of-court statement under title 11, section 3507 of the Delaware Code. The record does not support Turner's first argument, which is based upon plain error. Nor did the Superior Court commit reversible error in admitting the section 3507 statement in this case. We find no merit to Turner's appeal and affirm.

### Facts and Procedural History

On January 19, 2009, Thomas Rothwell sustained a gunshot wound to his leg. Thereafter, Wilmington Police arrested Turner. Turner was charged by indictment with assault first degree, PFDCF and PFPP. Turner waived his constitutional right to a jury trial. The Superior Court held a one-day bench trial. On direct examination, Rothwell testified that he did not know who shot him. Rothwell also testified that he did not recall speaking with Detective Stoddard at Christiana Hospital. On cross examination, Rothwell testified that Turner was not the shooter.

After Turner's counsel concluded his cross-examination of Rothwell, the State moved under section 3507 to admit an out-of-court statement Rothwell made to Detective Stoddard.[1] The Superior Court, over Turner's objection, allowed Detective Stoddard to testify to Rothwell's out-of-court statement. The Superior Court explained:

> The Court is going to permit the statement to be presented. I have to decide whether it is voluntary based on the statement anyway. So I am going to be compressing that step with my conclusions as to whether or not it is reliable, and whether or not I give it credit, or give it weight. I don't think this is a situation any different from a situation where a defendant, or a witness cannot

---

1. Turner's counsel only asked Rothwell four brief questions before the State moved under section 3507.

recall a statement that may have been made, and, therefore, I am going to allow it.

On direct examination, Detective Stoddard testified that, during a preliminary interview at Christiana Hospital, Rothwell told him that Turner was the shooter. Immediately after Detective Stoddard testified, the Superior Court granted the State's motion to admit the testimony under section 3507. Rothwell then returned to the witness stand, where he was subject to cross, redirect and recross examinations.

During Turner's closing arguments, Turner's counsel and the Superior Court Judge discussed the admission of Detective Stoddard's testimony. The Superior Court returned after a short recess and found Turner guilty of assault second degree, PFDCF and PFPP. On March 19, 2010, the Superior Court sentenced Turner to 11 years imprisonment. This appeal followed.

### No Plain Error

 Turner contends that his rights to effective assistance of counsel and a fair trial were violated when the Superior Court Judge left the bench during Turner's closing argument in violation of Delaware Superior Court Rule 29.1. Turner failed to raise this contention below. We generally decline to review contentions not raised below and not fairly presented to the trial court for decision.[2] "This Court may excuse a waiver, however, if it finds that the trial court committed plain error requiring review in the interests of jus-

tice."[3] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4] "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5]

Delaware Superior Court Rule 29.1 provides: "After the closing of evidence the prosecution shall open the argument. The defense shall be permitted to reply. The prosecution shall then be permitted to reply in rebuttal." Contrary to Turner's contention, it is not apparent on the face of the record that the Superior Court Judge left the bench during counsel's closing argument.[6] Rather, the record reflects a significant dialogue between Turner's counsel and the Superior Court Judge. Turner's counsel appeared to have concluded his closing argument with the statement, "Well, I guess I don't have anything else to argue, Your Honor." Because Turner has not demonstrated that the Superior Court committed plain error, we find no merit to Turner's first argument.

### Adequate Section 3507 Foundation

 Turner next contends that the Superior Court improperly admitted Rothwell's out-of-court statement under section 3507. We review the Superior Court's admission of an out-of-court statement for

---

**2.** DEL. SUP.CT. R. 8; *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986); *Jenkins v. State,* 305 A.2d 610 (Del.1973).

**3.** DEL. SUP.CT. R. 8; *Monroe v. State,* 652 A.2d 560, 563 (Del.1995).

**4.** *Wainwright,* 504 A.2d at 1100; *Dutton v. State,* 452 A.2d 127, 146 (Del.1982).

**5.** *Wainwright,* 504 A.2d at 1100; *Bromwell v. State,* 427 A.2d 884, 893 n. 12 (Del.1981).

**6.** *See id.*

abuse of discretion.[7] Section 3507 provides:

(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.

(b) The rule in subsection (a) of this section shall apply regardless of whether the witness' in-court testimony is consistent with the prior statement or not. The rule shall likewise apply with or without a showing of surprise by the introducing party.

In *Woodlin v. State*, 3 A.3d 1084, 1087(Del.2010), this Court explained the foundational requirements of section 3507 (citations omitted):

The basic procedure for admitting a statement under section 3507 was first announced ... in *Keys v. State* [337 A.2d 18 (Del.1975)]. In [*Keys*], we held: "In order to offer the out-of-court statement of a witness, the Statute requires [that] the direct examination of the declarant ... [touch on] both the events perceived or heard and the out-of-court statement itself." Three weeks later, we supplemented *Keys* in *Hatcher v. State* [337 A.2d 30 (Del.1975)], where we addressed another foundational requirement for the admission of a witness' statement pursuant to section 3507—voluntariness. ... In *Ray v. State* [587 A.2d 439 (Del.1991)], we also explained (and cited *Johnson*) in holding in order to conform to the Sixth Amendment's guarantee of an accused's right to confront witnesses against him, the

declarant must also be subject to cross-examination on the content of the statement as well as its truthfulness.[8]

In *Johnson v. State*, 338 A.2d 124, 127 (Del.1975), this Court discussed the problem of incomplete and inconsistent testimony:

[T]he draftsmen of the Statute expressly contemplated that the in-court testimony might be inconsistent with the prior out-of-court statement. One of the problems to which the Statute is obviously directed is the turncoat witness who cannot recall events on the witness stand after having previously described them out-of-court. We conclude that there is nothing in the Statute or its intent which prohibits the admission of the statements on the basis of limited courtroom recall.

In *Smith v. State*, 669 A.2d 1, 8 (Del.1995), this Court explained that the "statement must be offered into evidence no later than at the conclusion of the direct examination of the declarant." This Court also noted that the "offering party should be allowed as much flexibility as the statute permits," but "the statement cannot be timed so as to place any strategic burden on the non-offering party."[9]

▮▮▮▮ Here, the State satisfied the foundational requirements that this Court recently reaffirmed in *Woodlin*.[10] First, the State presented the direct examination of Rothwell as to both the events perceived and the out-of-court statement itself.[11] Although Rothwell denied making the statement to Detective Stoddard, the Superior Court properly determined that section 3507 is appropriate to apply to the testimo-

---

7. *Dailey v. State*, 956 A.2d 1191, 1194 (Del. 2008); *Flonnory v. State*, 893 A.2d 507, 515 (Del.2006).

8. *See also Stevens v. State*, 3 A.3d 1070 (Del. 2010); *Blake v. State*, 3 A.3d 1077 (Del.2010).

9. *Smith*, 669 A.2d at 8.

10. 3 A.3d at 1087.

11. *See Woodlin*, 3 A.3d at 1086–87.

ny of a turncoat witness.[12] Second, the Superior Court determined that Rothwell's statement was voluntary.[13] Finally, although Rothwell's statement was offered after the conclusion of the direct examination of Rothwell, it did not place a strategic burden on Turner because Turner's counsel only asked Rothwell four brief questions on cross-examination before the State moved under section 3507 and Rothwell was subsequently subject to cross and recross examinations.[14]

### *Smith v. State* Applies to Bench Trials

 We note that the Superior Court did not comply with the timing requirements of section 3507 which this Court has explained in *Smith*. Absent a stipulation of the parties accepted by the trial court, the timing requirements of *Smith* apply to jury and bench trials alike. Nevertheless, Turner has not shown prejudice in this case. Because the failure to adhere to the timing requirements under *Smith* was harmless error in this case, Turner's convictions must be affirmed.[15]

### Conclusion

The judgment of the Superior Court is **AFFIRMED.**

---

12. *See Johnson v. State,* 338 A.2d at 127.

13. *See Woodlin,* 3 A.3d at 1087–88.

14. *See Smith,* 669 A.2d at 8.

15. *See, e.g., Jackson v. State,* 643 A.2d 1360, 1368–69 (Del.1994) (holding that technical noncompliance with the foundational requirements of section 3507 was harmless error).