# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          :    ID. No. 0709033390

                                :    In and for Kent County

v.                              :

                                :

HOWARD E. WOODLIN,       :    RK07-10-0334-01 through

                                :    RK07-10-0453-01

          Defendant.       :

## ORDER

Submitted: August 14, 2017
Decided: September 12, 2017

On this 12th day of September, 2017 upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. The defendant, Howard E. Woodlin ("Woodlin") was found guilty, following a jury trial on November 17, 2008, of one count of Rape in the First Degree Without Consent, 11 *Del. C.* § 773; one count of Dangerous Crime Against a Child, 11 *Del. C.* § 779; three counts of Endangering the Welfare of a Child, 11 *Del. C.* § 1102; one count of Unlawful Sexual Contact First Degree, 11 *Del. C.* § 769; one count of Incest, 11 *Del. C.* § 766; and two counts of Indecent Exposure First Degree, 11 *Del. C.* § 765. A presentence investigation was ordered by the Court. On January 27, 2009. Woodlin was sentenced to life in prison on the Rape in the First Degree and to an additional thirty-three years and ten months incarceration, suspended after twenty-five years and ten months for probation. Twenty-five years of that time includes minimum mandatory time.

2. Woodlin, through counsel, appealed his conviction to the Delaware Supreme Court. The Supreme Court, affirmed Woodlin's conviction and sentence on July 22, 2010.

3. Thereafter, Woodlin filed a motion for Post Conviction Relief. The procedural history is set forth in the Commissioners Report and Recommendation of July 18, 2017,

attached hereafter as Exhibit "A".

4. After the issuance of the Commissioner's Report, neither party filed exceptions.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated July 18th, 2017,

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly Movant's Amended Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is hereby **DENIED.**

/s/Jeffrey J Clark
Judge

2

# Exhibit "A"

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 0709033390 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK07-10-0445-01 through |
| **HOWARD E. WOODLIN** | ) | RK07-10-0453-01 |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Amended Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

Susan G. Schmidhauser, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Patrick J. Collins, Esquire, Collins and Associates, Wilmington, Delaware for Defendant.

FREUD, Commissioner
July 18, 2017

The defendant, Howard E. Woodlin ("Woodlin") was found guilty, following a jury trial on November 17, 2008, as charged, of one count Rape in the First Degree Without Consent, 11 *Del. C.* § 773; one count of Dangerous Crime Against a Child, 11 *Del. C.* § 779; three counts of Endangering the Welfare of a Child, 11 *Del. C.* § 1102; one count of Unlawful Sexual Contact First Degree, 11 *Del. C.* §

769; one count of Incest, 11 *Del. C.* § 766; and two counts of Indecent Exposure First Degree, 11 *Del. C.* § 765. A presentence investigation was ordered by the Court. On January 27, 2009, Woodlin was sentenced to life in prison on the Rape in the First Degree and to an additional thirty-three years and ten months incarceration, suspended after twenty-five years and ten months for probation, twenty-five of which were minimum mandatory time.

Woodlin, through counsel, appealed his conviction to the Delaware Supreme Court. The issue raised on appeal was noted by the Court as follows:

> He argues that it was an abuse of discretion by the trial judge to permit the admission into evidence of his minor daughter's interview with a Children's Advocacy Center ("CAC") forensic interviewer, Diane Klecan ("Klecan") under title 11, section 3507 of the Delaware code. According to Woodlin, no foundation was laid regarding the perceived events or truthfulness of the out-of-court statement.[1]

The Supreme Court, on July 22, 2010, affirmed Woodlin's conviction and sentence.[2]

On May 6, 2011, Woodlin filed a *pro se* motion for postconviction relief in which he raised two grounds for relief including ineffective assistance of counsel. After briefing on the motion was complete, Woodlin on November 11, 2011, filed a motion to amend his Rule 61 motion. The motion to amend was denied by this

---

[1] *Woodlin v. State*, 3 A.3d 1084, 1085 (Del. 2010).

[2] *Id.* at 1088.

court[3] and Woodlin appealed that ruling to the State Supreme Court. Consequently the matter was stayed in this court. The Supreme Court dismissed the appeal on July 12, 2012 and the mandate issued on August 1, 2012.[4]

Briefing on Woodlin's motion continued and I issued a Report on May 3, 2013 recommending that the Court deny Woodlin's motion. He next filed a motion for appointment of counsel and did not appeal my ruling. The Court granted Woodlin's motion for appointment of counsel. Next Appointed Counsel filed an Amended Motion for Postconviction Relief and waived all the grounds raised earlier in Woodlin's *pro se* motion. The pending amended motion alleges ineffective assistance of Trial Counsel.

## FACTS

Following are the facts as set forth by the Delaware Supreme Court:

> Woodlin and Tammy Campbell ('Campbell') are the parents of two children: Sarah, born in 2000, and Matthew, born in 2005. FN3 While Sarah was living temporarily with Campbell's aunt, Barbara, Sarah disclosed to Barbara that she had been sexually assaulted by her father and that she had witnessed incidents of sexual contact between her parents.
>
> Barbara took Sarah to the CAC in Kent County on September 24, 2007, and a recorded interview of then

---

[3] *State v. Woodlin*, Del. Super., ID No. 0709033390, Freud, Comm'r (Nov. 30, 2011) D.I. 62. Motion for Reconsideration denied by J. Young (Dec. 14, 2012) D.I. 64.

[4] *Woodlin v. State*, 2012 WL 2870332 (Del. Supr.).

seven-year-old Sarah was conducted. Two days after the CAC interview, Campbell and Woodlin were arrested by the Delaware State Police. Campbell pled guilty to a charge of Rape in the Second Degree involving her daughter. Campbell was sentenced to twenty-five years of incarceration at Level V, suspended after serving ten years, for probation supervision.

At Woodlin's trial, Campbell testified that her daughter observed Woodlin licking her breasts on three occasions, and that Sarah saw Campbell touching Woodlin's penis three occasions.

Campbell also testified that her daughter told her that Woodlin had touched the child 'in her vagina area.' While being interviewed by a Delaware State Police Detective, Woodlin stated that 'whatever Campbell said is what happened.'

Sarah testified at her father's 2008 trial. She acknowledged speaking with Klecan, the CAC forensic interviewer, about her father '[b]ecause he did something wrong to me.' Sarah did not want to describe what her father did '[b]ecause it's nasty.' After Sarah's direct trial testimony was completed, the videotaped CAC interview was admitted into evidence and played for the jury. There was no cross-examination.[5]

FN3 The Court has assigned pseudonyms to the children pursuant to Supreme Court Rule 7(d).

Following are the facts from the Preliminary Hearing: During the video Ashley

---

[5] *Woodlin v. State*, 3 A. 3d 1084, 1085 (footnotes omitted).

told Klecan that her Daddy's pee pee touched the in-part of her hookie, not just her out-part. Testimony elicited from the investigative officer during the preliminary hearing indicated that the nurse who conducted the S.A.N.E. [Sexual Assault Nurse Examiner] examination concluded that there may have been sexual penetration of the victim's vagina and anus.[6]

## WOODLIN'S CONTENTIONS

In the amended motion, Appointed Counsel raises three grounds for relief:

| | |
|---|---|
| Ground one: | Trial Counsel's failure to request a Bill of Particulars in order to differentiate between and properly defend against the charges undermines the reliability of the verdict; as such, Mr. Woodlin is entitled to a new trial. |
| Ground two: | Trial Counsel was ineffective for failing to introduce the findings of the SANE report and for failing to consult an expert witness, instead of waiting until closing arguments to argue that there was no physical evidence; as a result, Mr. Woodlin suffered constitutional prejudice. |
| Ground three: | Trial Counsel's failure to move for a judgment of acquittal as a result of the State's failure to introduce testimony regarding when the incidents allegedly |

---

[6] *State v. Woodlin*, Del. CCP, Case No. 0709033390 (Oct. 5, 2007) Tr. at p. 7.

5

occurred undermined the reliability of
the outcome; as such Mr. Woodlin is
entitled to a new trial.

## DISCUSSION

Under Delaware law, the Court must first determine whether Woodlin has met
the procedural requirements of Superior Court Criminal Rule 61(i) before it may
consider the merits of the postconviction relief claims.[7] Under Rule 61,
postconviction claims for relief must be brought within one year of the conviction
becoming final.[8] Woodlin's motion was filed in a timely fashion, thus the bar of Rule
61(i)(1) does not apply to the motion. As this is Woodlin's initial motion for
postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any
claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of
conviction are thereafter barred unless the movant demonstrates: (1) cause for relief
from the procedural default; and (2) prejudice from a violation of the movant's rights.[9]
The bars to relief are inapplicable to a jurisdictional challenge or "to a colorable claim
that there was a miscarriage of justice because of a constitutional violation that
undermined the fundamental legality, reliability, integrity or fairness of the

---

[7] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[8] Super. Ct. Crim. R. 61(i)(1).

[9] Super. Ct. Crim. R. 61(i)(3).

proceedings leading to the judgment of conviction."[10]

Each of Woodlin's grounds for relief are premised on allegations of ineffective assistance of counsel. Therefore Woodlin has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal. Woodlin's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Woodlin, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can

---

[10] Super. Ct. Crim. R. 61(i)(5).

[11] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

7

simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[17]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[18] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an

---

[13] 466 U.S. 668 (1984).

[14] 551 A.2d 53, 58 (Del. 1988).

[15] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[16] *Id.*

[17] *See e.g., Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[18] *Strickland*, 466 U.S. at 687.

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[19] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[20] Furthermore, Woodlin must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

Turning to Woodlin's first ground for relief, he claims that his counsel was ineffective for failing to ask for a Bill of Particulars. As Trial Counsel makes clear in his affidavit he had adequate information from other sources to gain knowledge of the alleged crimes and did not require a Bill of Particulars. As noted by the State, Trial Counsel had access to the victim's interview with CAC. I conclude there was no error in Trial Counsel's failure to file a Bill of Particulars. Furthermore, I can discern no prejudice to Woodlin. This ground for relief is meritless.

In his second ground for relief Woodlin argues that Trial Counsel should have sought the introduction of the S.A.N.E. report. Trial Counsel stated he believed he did not do so for strategic reasons. As noted earlier, a review of the transcript of the

---

[19] *Id.* at 697.

[20] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[21] *Strickland*, 466 U.S. at 689; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

9

preliminary hearing indicates that the nurse who performed the S.A.N.E. examination found evidence that could suggest both vaginal and anal penetration of the seven year-old victim. In light of this fact I conclude it was a perfectly reasonable trial strategy not to introduce the report. There clearly was no prejudice to Woodlin. I conclude this ground for relief is meritless.

Finally Woodlin claims his attorney was ineffective because he failed to move for a Judgment of Acquittal because there was no evidence presented as to when the crimes occurred. A review of the trial transcripts reveals that Trial Counsel did in fact move for Judgment of Acquittal:

| | |
|---|---|
| Mr. Funk: | Thank you Your Honor. My first application would be motion for judgment of acquittal. I don't believe the State has met it prima facie case on several counts here; notably, the rape, first degree count. I don't believe the State has produced enough evidence to allow the jury to infer guilt or come to the conclusion of guilt. |
| | Notably there are a couple of issues with what we've heard so far. I would highlight there seems to be a discrepancy as to when this exactly happened. I've heard no testimony as to the exact day or time. I've heard discrepancies in location. I don't believe, absent that, being able to establish the date and time and location with specificity, that the State can carry the burden. |

I've heard some testimony by virtue of the jury watching the videotape as to a couple of things, but as far as actual testimony, there hasn't been much that I think allows the State to cross the burden that they have to meet.

The Court: All right.

Ms.
Schmidhauser: Your Honor, the standard in the motion for a judgment of acquittal is looking at the evidence in the light most favorable to the State. Is it reasonable to conclude that the State has met its burden? First, the date and time are not an element of the offense. As far as the place, certainly it has been established through Ashley's testimony from the CAC that it occurred at her home; and that was in Kent County in the State of Delaware.

Through Ashley and the Child Advocacy Center tape, there's also sufficient evidence before the jury that there was sexual intercourse between herself and her father, that she is under the age of 16 and that he stands in a position of trust, authority or supervision over the child. And, again, looking at all the evidence in the light most favorable to the State, the State believes there is ample evidence for the jury to conclude that the defendant is guilty of all the charges.

The Court: All right. Applying the standard applicable to

11

the motion for judgment of acquittal, I'm
satisfied that the motion should be denied.[22]

Clearly this ground is meritless. Counsel did in fact move for judgment of acquittal.

## CONCLUSION

After reviewing the record in this case, it is clear that Woodlin has failed to avoid the procedural bars of Rule 61(i). A review of his counsel's affidavit clearly shows that counsel represented Woodlin in a competent fashion and was not ineffective. Additionally, Woodlin has failed to demonstrate any concrete prejudice. Consequently, I recommend that Woodlin's motion be denied as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice.

/s/ Andrea M Freud
Commissioner

AMF/dsc

---

[22] *State v. Woodlin*, Del. Super., ID No. 0709033390 (Nov. 13, 2009), Tr. Vol. B, p. 16 - 18.

12