IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAVON POLLARD, | § | |
| | § | No. 280, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1908012394 (N) |
| Appellee. | § | |

Submitted: July 20, 2022
Decided: August 24, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Superior Court.  **AFFIRMED**.

Santino Ceccotti, Esquire, OFFICE OF THE PUBLIC DEFENDER, Wilmington, Delaware; *for Appellant Javon Pollard*.

Sean P. Lugg, Esquire, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware; *for Appellee State of Delaware*.

**MONTGOMERY-REEVES**, Justice:

In 2021, the appellant, Javon Pollard, was convicted of numerous drug-related charges. Pollard has filed a timely appeal, arguing that the Superior Court committed plain error by not *sua sponte* suppressing evidence obtained during an allegedly illegal search of his vehicle in violation of his constitutional rights under the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Delaware Constitution. The State urges this Court not to consider Pollard's appeal because he failed to properly raise this argument below. The State further argues that Pollard's challenges also fail because there was sufficient probable cause to justify the search.

Having reviewed the parties' briefs and the record on appeal, this Court affirms the Superior Court's judgment. We agree that Pollard did not fairly raise the argument below. Regardless, Pollard also loses on the merits because the search did not violate either the United States or Delaware Constitutions.

I.    **RELEVANT FACTS AND PROCEDURAL BACKGROUND**[1]

On August 19, 2019, Patrolman First Class Ryan Jones ("Officer Jones") and Corporal Thomas Dillon Kashner of the Newport Police Department stopped a 2004 Volvo in Newport, Delaware, after observing that the driver and front-seat passenger

---

[1] This opinion does not discuss any of the facts regarding the gun possession charge as they are not relevant to this appeal.

1

of the Volvo were not wearing seatbelts.[2] Brandon Tan was driving the Volvo with Pollard sitting in the front seat.[3]

The mobile vehicle recorder ("MVR") in the patrol vehicle provided footage of the stop.[4] Officer Jones, who was in training, approached Tan on the driver side of the Volvo,[5] and Corporal Kashner approached Pollard on the passenger side.[6] Officer Jones testified that, while conversing with Tan, he "detected the odor of marijuana emanating from the vehicle."[7] Officer Jones also noticed "loose pieces of marijuana in the center console of the vehicle," otherwise known as "shake."[8] Corporal Kashner confirmed that "[t]he vehicle had the odor of marijuana emanating from the vehicle," and he also noticed a "nugget" of marijuana in the center console area, "as well as marijuana shake or small pieces of marijuana remnants throughout the vehicle."[9]

Officer Jones and Corporal Kashner returned to the patrol vehicle, leaving Tan and Pollard in the Volvo.[10] Upon returning to the patrol vehicle, Officer Jones conducted a DMV search and confirmed that Tan held a valid driver's license and

---

[2] App. to Opening Br. 55 (hereinafter, "A__").
[3] A59-60.
[4] A39.
[5] A60.
[6] A145.
[7] A62.
[8] A67.
[9] A145-46.
[10] A62.

that the Volvo belonged to Pollard.[11]  Officer Jones also notified RECOM, the dispatch center, of the traffic stop, their location, and their plan to search the vehicle;[12] he did not mention the odor of marijuana, the nugget, or the shake.[13]  While Officer Jones and Corporal Kashner were sitting in the patrol car after the first interaction with Tan and Pollard, a third officer, Officer Michael Guarino from the New Castle County Police Department, also stopped to assist.[14]

Officer Jones and Corporal Kashner reapproached the Volvo.[15]  Officer Jones took Tan to the patrol vehicle, searched him, and secured him in the patrol car.[16] Officer Jones recovered nothing from Tan.[17]  Officer Jones subsequently detained Pollard.[18]  According to Officer Jones, as he was conducting the search of  Pollard, Pollard reached his handcuffed hands "towards his left rear of his pants."[19]  Corporal Kashner then took over the search of Pollard.[20]  Corporal Kashner found a plastic bag containing 10 grams of marijuana in Pollard's pants.[21]  Corporal Kashner asked whether Pollard had a medical marijuana card, and Pollard replied that he did not

---

[11] A61-62, 66, 69.
[12] A63.
[13] A99-101.
[14] A64.
[15] *See* A110.
[16] A68-69.
[17] A69.
[18] A70 ("I'm about to detain Mr. Pollard in handcuffs.").
[19] A72.
[20] *Id.*
[21] A75, 152-154.

have one.[22]  Both Officer Jones and Corporal Kashner secured Pollard in the back of Officer Guarino's patrol vehicle.[23]

After Tan and Pollard were secured in the patrol vehicles, Officer Jones and Corporal Kashner searched the Volvo.[24]  Officer Jones found a 0.3 gram piece of marijuana, a bag containing $183, a small scale, a plastic bag containing nine green pills, 1.5 pink pills, and a cell phone.[25]  Testing revealed that the 1.5 pink pills were oxycodone while the nine green pills were alprazolam.[26]  All items were recovered from the passenger side of the Volvo during the search of the vehicle.[27]  Pollard claimed possession of the items retrieved from the car[28] and gave verbal permission for Tan to drive his vehicle away from the scene.[29]  Tan was charged with a seatbelt violation and then allowed to leave.[30]  Officer Jones and Corporal Kashner took Pollard to the police station.[31]

On October 28, 2019, a New Castle County grand jury returned an indictment, charging Pollard with Drug Dealing with intent to deliver Marijuana; Drug Dealing

---

[22] A72.
[23] A73.
[24] A74.
[25] A75-76.
[26] A172.
[27] *Id.*; A78.
[28] A123.
[29] A77.
[30] A115.
[31] A77-78.

with intent to deliver Alprazolam; Illegal Possession of a Controlled Substance, Oxycodone; and Possession of Drug Paraphernalia.[32]

On June 8, 2021, Pollard's jury trial commenced.[33] The jury found Pollard not guilty of Drug Dealing with intent to deliver Marijuana.[34] The jury found Pollard guilty on four charges: (1) Possession of a Controlled Substance, Marijuana; (2) Drug Dealing with intent to deliver Alprazolam; (3) Illegal Possession of a Controlled Substance, Oxycodone; and (4) Possession of Drug Paraphernalia.[35]

On August 20, 2021, the trial court sentenced Pollard to six years at Level V incarceration, suspended after eighteen months at Level V for twelve months at Level III probation; the court imposed fines for the drug possession and drug paraphernalia offenses.[36] On September 7, 2021, Pollard filed a timely appeal.[37]

## II. STANDARD OF REVIEW

The sole issue in this appeal is whether the Superior Court erred by failing to suppress evidence *sua sponte*. Pollard's counsel did not file a motion to suppress the evidence or otherwise object to the admission of the evidence. This Court generally declines to "review contentions not raised below and not fairly presented

---

[32] A8-9.
[33] A11.
[34] A333.
[35] A333-34.
[36] A351-52.
[37] A7.

to the trial court for decision"[38] unless this Court "finds that the trial court committed plain error requiring review in the interests of justice."[39] Thus, we review for plain error.[40]  "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[41]  "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[42]

---

[38] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (citing Del. Sup. Ct. R. 8; and then citing *Jenkins v. State*, 305 A.2d 610 (Del. 1973)).

[39] *Turner v. State*, 5 A.3d 612, 615 (Del. 2010) (citing Del. Sup. Ct. R. 8; and then citing *Monroe v. State,* 652 A.2d 560, 563 (Del.1995)).

[40] *Wainwright*, 504 A.2d at 1100.

[41] *Id.* (citing *Dutton v. State*, 452 A.2d 127, 146 (Del. 1982)).

[42] *Id.* (citing *Bromwell v. State*, 427 A.2d 884, 893 n.12 (Del. 1981)) (The doctrine of "plain error" is but an exception to the general rule that an appellate court will not consider a question not fairly presented below.  Super. Ct. Crim. R. 52(b); *Ward v. State*, 366 A.2d 1194 (Del. 1976). The doctrine of plain error is limited to "material defects which are apparent on the face of the record and . . . basic, serious, and fundamental in their character, and which clearly deprive (an) accused of a substantial right, or which clearly shows manifest injustice . . . ." *Ward v. State*, supra at 1197.).

## III. ANALYSIS

In this appeal, Pollard contends that his conviction must be overturned because there was not probable cause to support the warrantless search and arrest. Pointing to this Court's recent decision in *Juliano v. State*—in which this Court held that the smell of marijuana alone does not give rise to probable cause sufficient to justify a warrantless arrest[43]—Pollard argues that his arrest was unlawful because it was based solely on the smell of marijuana.[44] Thus, according to Pollard, any search incident to that unlawful arrest violated his constitutional rights under the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Delaware Constitution.[45] And, Pollard contends, any evidence obtained from the illegal search and seizure following his unlawful arrest should have been suppressed.[46]

The State responds that Supreme Court Rule 8 precludes review because the sole issue raised on appeal was not raised in the Superior Court.[47] The State argues that even if the interests of justice require review of Pollard's claim, Pollard cannot demonstrate that the Superior Court committed plain error for two reasons. First, the State contends the officers had probable cause to search Pollard incident to his

---

[43] 260 A.3d 619 (Del. 2021).
[44] Opening Br. 8.
[45] *Id.* at 6.
[46] *Id.* at 9-10.
[47] Answering Br. 9.

7

lawful arrest for consumption of marijuana in a moving vehicle based on the odor of marijuana emanating from the vehicle, the marijuana remnants in the center console and on the floor, Pollard's fidgeting, and Pollard's "efforts to move his body in a way designed to conceal contraband."[48]  Second, the State contends that the officers were independently justified in their search of Pollard's vehicle under the automobile exception to the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Delaware Constitution because the officers had probable cause to believe Pollard's vehicle contained contraband.[49]

As such, this Court must answer the following questions: (1) whether Supreme Court Rule 8 precludes review of the constitutionality of the search; and (2) if not, whether the search violated Pollard's constitutional rights under the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Delaware Constitution.  We address each issue in turn.

Under Rule 8, "[o]nly questions fairly presented to the trial court may be presented for review . . . ."[50]  This Court may, however, consider an argument not fairly presented to the trial court if the interests of justice so require it.[51]  The Court will apply this narrow exception "if it finds that the trial court committed plain error

---

[48] *Id.* at 12.
[49] *Id.* at 18-19.
[50] Supr. Ct. R. 8.
[51] *Id.*

8

requiring review in the interests of justice."[52] In order to meet the plain error standard, the error must have so clearly deprived Pollard of a substantial right as to have jeopardized the fairness of his trial. Pollard does not meet this standard. Pollard failed to file a motion to suppress at trial. As such, the constitutional argument was not fairly presented to the trial court. On appeal, Pollard cites to Rule 8, but he fails to articulate any substantive argument regarding why the interests of justice require review.[53] Thus, this Court could deny the relief Pollard seeks on this basis alone.

Although Rule 8 does not require that we review the merits of Pollard's constitutional argument, we nonetheless address the merits because the record below is sufficiently developed for a determination on this issue.

In Delaware, individuals are protected from unreasonable searches and seizures by both the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Delaware Constitution. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects,

---

[52] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) (citing Super. Ct. R. 8); *accord Shawe v. Elting*, 157 A.3d 152, 168 (Del. 2017) (quoting *Smith v. Del. State Univ.*, 47 A.3d 472, 479 (Del. 2012).

[53] If anything, the interests of justice weigh against our consideration of Pollard's argument. In the absence of a motion to suppress challenging the lawfulness of Pollard's arrest, the State's burden was limited to proving the elements of the charged offenses beyond a reasonable doubt; typically, probable cause to arrest or search is not an element of the charged offense. If we were to allow claims such as Pollard's to proceed in the run-of-the mill case, there would be little incentive for defendants to frame search-and seizure issues properly by filing a motion to suppress.

against unreasonable searches and seizures, shall not be violated," and further that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article 1, Section 6 protects people "in their persons, houses, papers and possessions, from unreasonable searches and seizures; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as particularly as may be; nor then, unless there be probable cause supported by oath or affirmation." Further, "this Court will, where appropriate, extend our state constitutional prohibition against unreasonable searches and seizures beyond the protections recognized in the United States Supreme Court's Fourth Amendment jurisprudence."[54]

The United States Supreme Court has long acknowledged that police may search vehicles without a warrant so long as "the search [is] not malicious or without probable cause."[55] In 1985, this Court adopted the standard articulated by the United States Supreme Court in *U.S. v. Johns*[56] to assess warrantless vehicle searches. Police "may lawfully search [a] vehicle without a warrant" if "the police have probable cause to believe that an automobile is carrying contraband or evidence" of

---

[54] *Juliano v. State*, 254 A.3d 369, 378 (Del. 2020).
[55] *Carroll v. United States*, 267 U.S. 132, 147 (1925).
[56] 469 U.S. 478 (1985).

10

criminal activity.[57] "Probable cause determinations are made by evaluating the totality of the circumstances."[58]

Applying the automobile exception standard to the facts of this case reveals that the search of Pollard's vehicle qualifies under this exception. Pollard argues that the officers conducted the vehicle search based solely on the odor of marijuana.[59] But this argument does not in any way address the record developed at trial. Unrebutted testimony from the record developed during trial, which Pollard's brief ignores, supports that the officers: (1) smelled marijuana emanating from the vehicle; (2) observed marijuana remnants in the center console and on the floor of the vehicle; and (3) observed a small nugget in the center console of the vehicle.

Thus, the question is whether these facts are sufficient to establish that the officers had probable cause to believe Pollard's vehicle contained contraband or evidence of criminal activity. We conclude that, *Valentine v. State*, not *Juliano*, dictates the answer to this question. In *Valentine*, this Court made clear that "[m]arijuana was, and remains, contraband subject to forfeiture. . . . That possession of personal uses of marijuana is not a criminal offense does not render marijuana odors, raw or burnt, irrelevant to determinations of probable cause."[60] As such, the

---

[57] *Tatman v. State*, 494 A.2d 1249, 1251 (Del 1985) (citing *Johns*, 469 U.S. at 484).
[58] *Valentine v. State*, 207 A.3d 166, 2019 WL 1178765, at *2 (Del. Mar. 12, 2019) (ORDER).
[59] Opening Br. 8.
[60] 2019 WL 1178765, at *2.

Court held that "[t]he totality of the circumstances, including Valentine's speed (32 miles per hour above the speed limit), the time of day (1 a.m.), and the odor gave Lawson probable cause to believe that Valentine's car contained contraband, in particular, marijuana."[61]

Here, the totality of circumstances—the odor of marijuana emanating from the vehicle, the marijuana remnants in the console and on the floor of the vehicle, and a larger nugget of marijuana in the console of the vehicle—support a determination that probable cause existed to believe Pollard's vehicle contained contraband or evidence of criminal activity, including consumption of marijuana in a moving vehicle in violation of 16 *Del. C.* § 4764(d). As such, we hold that the search and subsequent arrest did not violate Pollard's constitutional rights.

## IV. CONCLUSION

After careful consideration of the parties' briefs and the record on appeal, the judgment of the Superior Court is AFFIRMED.

---

[61] *Id.*

**VAUGHN**, Justice, concurring:

I agree that the judgment of the Superior Court should be affirmed. I dissented in *Juliano* and continue to believe that it was wrongly decided.