# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PROTECH MINERALS, INC. and CHUL LIM CHOE, | § § § | No. 288, 2021 |
| Defendant Below, Appellants, | § § § § | Court Below – Superior Court of the State of Delaware |
| v. | § § | C.A. No. N21J-02846 |
| DUGOUT TEAM, LLC, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted:     June 8, 2022
Decided:       September 2, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Superior Court of the State of Delaware. **AFFIRMED.**

Sidney S. Liebesman, Esquire, Beth B. Miller, Esquire, Kasey H. DeSantis Esquire, FOX ROTHSCHILD LLP, Wilmington, Delaware; *for Appellants Protech Minerals, Inc. and Chul Lim Choe*.

Andrea S. Brooks, Esquire, WILKS LAW, LLC, Wilmington, Delaware; *for Appellee Dugout Team, LLC*.

**MONTGOMERY-REEVES**, Justice:

In this appeal, the Court must determine whether distributions from a Delaware statutory trust to beneficial owners are subject to garnishment by a creditor. The beneficial owners argue that Delaware law prohibits garnishment of the distributions because they are trust property. They also argue that Delaware law prohibits garnishment of the distributions because the trust is a spendthrift trust. The creditor responds that the appeal is moot because the trust has converted to a partnership. As to the merits, the creditor responds that the distributions are personal property subject to garnishment, not trust property. They further argue that the beneficial owners failed to argue below that the trust is a spendthrift trust; thus, they are barred from raising that argument on appeal.

Having reviewed the parties' briefs and the record on appeal, the Court holds that the appeal is not moot; the trust distributions are personal property subject to garnishment; and the appellants waived the argument that the trust at issue is a spendthrift trust. Thus, the judgment of the Superior Court is affirmed.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

In August 2016, Texas Healthcare Portfolio DST (the "Trust"), was formed as a Delaware statutory trust pursuant to 12 *Del. C.* § 3801 *et. seq.*, the Delaware Statutory Trust Act.[1] The Trust owns healthcare-related real estate and improvements in Texas.[2] The Trust

---

[1] App. to Opening Br. 29 (hereinafter, "A__"); Opening Br. 5.
[2] A0029

is governed by the Delaware Statutory Trust Agreement (the "Trust Agreement"),[3] which

contains the following relevant provisions:

- Section 3.01 – "[n]o Interest, or any portion thereof, may be assigned, pledged, encumbered or transferred (each a "Proposed Interest Transfer") without the prior consent of the Signatory Trustee."[4]
- Section 11.01 – "[n]othing in this Trust Agreement, whether express or implied, shall give to any Person other than the Trustees and the Investors any legal or equitable right, remedy, or claim hereunder."[5]
- Section 11.10 – "[n]one of the provisions of this Trust Agreement shall be for the benefit of or enforceable by . . . any creditor of any Investor."[6]

On July 28, 2016, Protech Minerals, Inc. ("Protech," collectively with Chul Lim

Choe, the "Appellants") became the beneficial owners of 8.3333% of the Trust, entitling it

to monthly distributions of $16,521.26.[7]

On January 22, 2021, Dugout Team, LLC (the "Appellee") obtained a judgment

against the Appellants in the United States District Court for the Western District of

Washington in the principal amount of $385,976.27, along with legal fees, pre-judgment

interest at $102.39 per day and post-judgment interest to accrue at 0.11% per annum.[8]  The

Appellee recorded its judgment in Delaware on March 11, 2021.[9]

---

[3] The Trust Agreement contains a non-disclosure provision that prohibits its disclosure without consent of the Trustee.  As such, a full copy of the Trust Agreement was not provided to the Superior Court.  A full copy of the Trust Agreement is, however, provided to this Court.
[4] Opening Br. 6.
[5] *Id*. at 5.
[6] *Id*.
[7] A0029.
[8] A0011-16.
[9] *Id*.

On April 1, 2021, the Appellee filed an original praecipe requesting the issuance of a writ of *fieri facias* (the "Original Writ") to the Trust, seeking attachment of all personal property belonging to the Appellants to satisfy a debt owed to the Appellee.[10] The Original Writ identified Protech as the garnishee.[11] On April 26, 2021, the Appellee filed an amended praecipe and amended writ of *fieri facias* (the "Amended Writ") that identified the Trust as the garnishee.[12] The Amended Writ requested that the Trust inform the Appellee whether it possessed any property belonging to the Appellants, the judgment debtors.[13]

The Trust served a verified answer to the Amended Writ on May 10, 2021, indicating that it had frozen distribution payments payable to Protech after service of the writ, pending a court order.[14]

On June 8, 2021, the Appellee filed a third praecipe requesting the issuance of a writ of garnishment *fieri facias* (the "Second Amended Writ") that specifically sought attachment of the monthly distributions identified in the Trust's verified answer, in addition to all personal property belonging to the Appellants.[15]

The Appellants filed a motion to quash all three writs, arguing that the distributions owed to Protech from the Trust are exempt from attachment under Delaware law.[16]

---

[10] A0017-20.
[11] A0019.
[12] A0021-28.
[13] *Id*.
[14] A0029.
[15] A0031-35.
[16] A0038-43.

Specifically, the Appellants argued that under 12 *Del. C.* § 3802(a), "a statutory trust may be sued only for debts or obligations contracted or incurred by the trustees or other authorized persons."[17] And, according to the Appellants, because the Appellee's judgment is not against the Trust or trustee, the Trust is not subject to attachment and execution for the Appellants' obligation.[18] The Appellants also noted that under 12 *Del. C.* § 3805(b), "[n]o creditor of the beneficial owner shall have any right to obtain possession of, or otherwise to exercise legal or equitable remedies with respect to, the property of the statutory trust." They then contended that Sections 11.01 and 11.10 of the Trust Agreement expressly incorporated Section 3805(b)'s creditor limitation, preventing garnishment of the distributions.[19]

In its opposition to the motion to quash, the Appellee argued that Section 3805(b) only protects trust property from creditors, but distributions owed to a trust beneficiary are personal property of the beneficiary, not the trust.[20] The Appellee also noted that this reading was supported by Section 3805(c), which states that "[a] beneficial owner's beneficial interest in the statutory trust is personal property notwithstanding the nature of the property of the trust."[21] Therefore, the Appellee argued, the monthly distributions are subject to garnishment.

---

[17] A0042.
[18] *Id.*
[19] *Id.*
[20] A0049.
[21] 12 *Del. C.* § 3805(c); A0087.

After oral argument, the parties provided additional written submissions to the court, in which the Appellants argued that Section 3536(a), Delaware's spendthrift trust provision, exempts the distributions payable to the Appellants from garnishment because Section 3536(a) states that "[e]very interest in a trust or in trust property or the income therefrom that shall not be subject to the rights of creditors of such beneficiary as expressly provided in this section shall be exempt from execution, attachment . . . [and] garnishment. . . ."[22] Thus, the Appellants argued, "[their] distributions from the [Trust] (the 'income therefrom') are exempt from garnishment."[23] The Appellants did not present any evidence showing that the Trust Agreement is a spendthrift trust subject to Section 3536. The Appellants did not provide the Trust Agreement, or the language of Section 3.01 of the Trust Agreement, to the Superior Court.

In denying the Appellants' motion to quash on August 19, 2021, the Superior Court declined to apply Section 3536 to the Trust Agreement, noting that the Appellants presented no evidence that the Trust constitutes a spendthrift trust.[24] The trial court also reasoned that because Section 3805 states that a beneficial owner's beneficial interest in a statutory trust is personal property, and because personal property is subject to garnishment, the distributions are the Appellants' personal property subject to garnishment.[25]

---

[22] 12 *Del. C.* § 3536(a).
[23] A0087.
[24] Opening Br. Ex. A, at 2-3.
[25] *Id*. at 4.

On September 14, 2021, the Appellants filed a timely appeal of the Superior Court's order denying the motion to quash.[26] On September 15, 2021, the Appellee filed a motion for judgment against the Trust, arguing that because no motion to stay had been filed, the Trust was required to turn over the distributions to the Appellee.[27] The Appellants filed a motion to stay pending appeal on September 30, 2021.[28] In exchange for the Appellee's withdrawal of the motion for judgment, the Trust agreed to turn over all of the Appellants' property in its possession to the Appellee's law firm to hold in escrow pending the outcome of the appeal.[29] The agreement between the Trust and the Appellee was set out in a stipulation and proposed order that described what would happen to the funds if the motion to stay was granted or denied (the "Stipulation").[30] If the stay was granted, the funds would be held in escrow until this Court issues a decision.[31] The Stipulation also noted that the lien would apply to all future distributions in the same manner as a charging order without the need to obtain a charging order.[32] The Appellee withdrew the motion for judgment against the Trust,[33] and the Appellee's counsel has continued to hold the Appellant's property in escrow.[34]

---

[26] A0129-34.
[27] A0101.
[28] A0129-35.
[29] Answering Br. 8.
[30] A0136-38.
[31] *Id.*
[32] A0137.
[33] A0140.
[34] Answering Br. 9.

On November 4, 2021, the Superior Court refused to take action on the Stipulation and proposed order, reasoning that the Superior Court no longer had jurisdiction over the case because of the pending Supreme Court appeal.[35] The motion to stay was granted on November 9, 2021.[36]

## II. STANDARD OF REVIEW

"We review questions of law, including the interpretation of statutes, *de novo*."[37]

The principles of statutory interpretation under Delaware law are clear. "When interpreting a statute, the Court's priority is to 'determine and give effect to legislative intent.' The starting point is the language of the statute. 'The "most important consideration for a court in interpreting a statute is the [language] the General Assembly used in writing [the statute].""'[38] "If a statute is unambiguous, there is no need for judicial interpretation, and the plain meaning of the statutory language controls."[39] "The fact that the parties disagree about the meaning of the statute does not create ambiguity."[40] Statutory language is ambiguous when it is reasonably susceptible to different conclusions or interpretations. "When statutory

---

[35] A0139.
[36] A0141.
[37] *Rehoboth Bay Homeowners' Ass'n v. Hometown Rehoboth Bay, LLC*, 252 A.3d 434, 441 (citing *ACW Corp. v. Maxwell*, 242 A.3d 595, 599 (Del. 2020)).
[38] *Judicial Watch, Inc. v. Univ. of Delaware*, 267 A.3d 996, 1003-04 (Del. 2021).
[39] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).
[40] *Chase Alexa, LLC v. Kent Cnty. Levy Ct.*, 991 A.2d 1148, 1151 (Del. 2010).

language is ambiguous, it should be 'interpreted "in a way that will promote its apparent purpose and harmonize it" with the statutory scheme.'"[41]

## III. ANALYSIS

In this appeal, the Court considers the following questions: (1) whether the Trust's conversion to a limited partnership renders the appeal moot; (2) whether the distributions are personal property subject to garnishment under the Delaware Statutory Trust Act; and (3) whether 12 *Del. C.* § 3536 bars garnishment of Protech's distributions.

### A. The Appeal Is Not Moot

The Appellee contends that the appeal is moot because the Stipulation and proposed order operate as a charging order.[42] Relying on the Stipulation, between the Trust and the creditor, and the proposed order, which the Superior Court never entered, the Appellee contends that it is "entitled to any money that is returned to the limited partnership (for the credit of PMI's account) and that would be available for distribution to [the Appellants] as a limited partner instead of as a beneficiary . . . ."[43] The Appellants disagree with the Appellee's position for numerous reasons. We focus on their argument that the Stipulation upon which the Appellee relies is not a charging order because the court declined to enter the order.

---

[41] *Judicial Watch, Inc.*, 267 A.3d at 1003-04 (Del. 2021).
[42] Answering Br. at 21.
[43] *Id.*

"An appeal is moot if the issue in dispute is no longer amenable to a judicial resolution or if a party has been divested of standing. Although a justiciable controversy might have existed at the time the litigation commenced, the appeal should be dismissed if that controversy ceases to exist."

We reject the Appellee's argument that the appeal is moot because it is no longer amenable to a judicial resolution. The Appellees entire "mootness" argument hinges on its assumption that the Stipulation between the Trust and the creditor is a charging order. "[A] court having jurisdiction may charge the partnership interest of the judgment debtor to satisfy the judgment."[44] But in order for a charging order to be effective and enforceable against a partnership interest, there must be an "entry of a charging order" by a court. And under 6 *Del. C.* § 17-703(d), a charging order entered by a court is the "exclusive remedy by which a judgment creditor of a partner or of a partner's assignee may satisfy a judgment out of the judgment debtor's partnership interests . . . ."[45]

Here, the Stipulation, an agreement between the Trust and the creditor, is not the equivalent of the "entry of a charging order" by the court. In fact, the parties to the Stipulation expressly requested that the Superior Court enter a charging order, and the court declined to do so.[46] Because there was no entry of a charging order, even if the funds are returned to the

---

[44] 6 *Del. C.* § 17-703(a).
[45] *Id.* at 17-703(c).
[46] A0139.

limited partnership, the Appellee would not be entitled to that money without first obtaining entry of a charging order.

The Appellee also argues that the appeal is moot because the Appellants lack standing.[47] The Appellee contends that the Appellants lack standing because they no longer hold a beneficial interest in the Trust due to its conversion to a limited partnership.[48]

The Appellants respond that this argument fails because "a certain portion of the funds now possessed by Appellee's counsel, subject to a promise to return, was 'frozen' and withheld by the Trust from distributions to Protech Minerals, Inc. *prior* to its conversion to the Limited Partnership."[49]

We reject the Appellee's argument that the Appellants no longer have standing. The distributions at issue were payable to Protech before its conversion to a limited partnership.[50] That the distributions belonged to or were owed to the Appellants before the conversion is not in dispute.[51] Because the Appellants had an interest in the distributions prior to the conversion, they still have standing to bring this appeal.

Thus, we hold that the appeal is not moot.

---

[47] Answering Br. 21.
[48] *Id.*
[49] Reply Br. 10.
[50] *See* A0031 ("[S]pecifically the monthly distributions identified in Texas Healthcare Portfolio DST's Answer, belonging to or owing to Judgment Debtors Protech Minerals, Inc. . . . and Chul Lim Choe.").
[51] Opening Br. 5; Answering Br. 5.

**B.     Distributions Are Personal Property Under the Delaware Statutory Trust Act That Are Subject to Garnishment**

The Appellants first argue that distributions are not personal property subject to garnishment under Section 3805(b).  And, according to the Appellants, Sections 11.01 and 11.10 of the Trust Agreement expressly incorporate Section 3805(b) into the Trust Agreement.  The Appellee responds that the Delaware Statutory Trust Act makes clear that a beneficial owner's beneficial interest in the statutory trust is personal property, regardless of the nature of the property of the trust.[52]

Section 3805(b) provides that "[n]o creditor of the beneficial owner shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the statutory trust."  Thus, the Appellants correctly state that *trust property* cannot be reached by the Appellee under Section 3805(b).  But this provision alone does not answer the question at issue here.  Instead, it raises another question—whether distributions are trust property that cannot be reached by creditors or whether distributions are personal property that can be reached by creditors.  Section 3805(c) answers this question.  Section 3805(c) provides that "[a] beneficial owner's beneficial interest in the statutory trust is personal property notwithstanding the nature of the property of the trust."  In other words, the statute differentiates between trust property subject to Section 3805(b) and personal property belonging to the beneficial owner of the trust.  Here, the Appellants' beneficial

---

[52] Answering Br. 12.

interest in the Trust includes the income or distributions to which it is entitled.[53] Thus, the Appellants' distributions are personal property, not trust property. The court held that personal property is subject to garnishment by creditors.

As such, we affirm the Superior Court's holding that the Appellants' distributions are personal property subject to garnishment.

### C. Section 3635 Does Not Bar Garnishment of the Appellants' Distributions

The Appellants contend that, even if its distributions are personal property, 12 *Del. C.* § 3536, Delaware's spendthrift trust provision, bars garnishment by creditors. The Appellants allege that Section 3.01 renders the Trust Agreement a spendthrift trust subject to Section 3536. The Appellees respond that this argument is waived because "[the Appellants] did not make this argument in the trial court below and thus did not preserve the issue for appeal."[54]

Rule 8 provides that "only questions fairly presented to the trial court may be presented for review."[55] As a result, this Court does not consider issues that are not raised unless the interest of justice requires it.[56] The Appellants, in the reply brief, argue that the interests of justice require the Court to consider its argument because a contract is at issue

---

[53] 12 *Del. C.* § 3805(a).
[54] Answering Br. 15.
[55] *See* Supr. Ct. R. 8.
[56] *Id.*

and the policy of the Delaware Statutory Trust Act is to give maximum effect to freedom of contract.[57]

Below, the Appellants argued only that Section 3536(a) exempts interest in all trusts and the income therefrom from garnishment by creditors. The Appellants argument went as follows: (1) Section 3809 states that unless the trust agreement or the current subchapter states otherwise, the laws of Delaware pertaining to trusts are applicable to statutory trusts; (2) the Trust Agreement states that it will be governed by the laws of the State of Delaware; (3) Section 3536 exempts the distributions payable to a beneficial owner from garnishment; (4) thus, the Appellants' distributions from the Trust are exempt from garnishment. The Appellants did not allege that the Trust Agreement contained a spendthrift provision.

Section 3536 is Delaware's spendthrift trust statute.[58] The record shows that the Appellants presented no evidence below that the Trust Agreement creates a spendthrift trust. Notably, the Appellants chose not to provide the Superior Court with a full copy of the Trust Agreement. And because the Appellants did not argue or present any evidence below that the Trust Agreement contains a spendthrift trust provision, they failed to preserve that argument on appeal.[59]

---

[57] Reply Br. 7-8.

[58] *See Wilmington Tr. Co. v. Carpenter*, 168 A.2d 306 (Del. 1961); *Kulp v. Timmons*, 944 A.2d 1023, 1029 Del. Ch. 2002) (". . . 12 *Del. C.* § 3536, Delaware's spendthrift trust statute.").

[59] *See* Supr. Ct. R. 8. ("Only questions fairly presented to the trial court may be presented for review . . . ."). The Appellants allege that they presented the court with evidence of Sections 11.01, 11.10, and 3.01, all three of which they contend create a spendthrift trust.

Nonetheless, the Appellants argue that the interests of justice require that we consider this issue on the merits because this case involves a contract and "[t]his Court's disregard for such relevant provisions of the Trust Agreement would be contrary to the interests of justice."[60] We disagree.

"Only questions fairly presented to the trial court may be presented for review . . . ."[61] However, "when the interests of justice so require, the Court may consider and determine any question not so presented."[62] The Court will apply this narrow exception "if it finds that the trial court committed plain error requiring review in the interests of justice."[63] "[T]he doctrine of plain error is limited to material defects . . . which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[64]

The Appellants offer no convincing argument that the trial court made a plain error that had the effect of depriving them of a substantial right or clearly shows a manifest injustice. Their argument that contracts must always be considered in the interest of justice

---

However, they point to nothing whatsoever to show that they ever presented the court with Section 3.01. Moreover, their presentation of Sections 11.01 and 11.10 to the court below were within the context of a separate argument—that Sections 11.01 and 11.10 expressly incorporate Section 3805(b) into the Trust Agreement. They did not argue below that Sections 11.01 and 11.10 of the Trust Agreement create a spendthrift trust agreement that subjects the Trust Agreement to Section 3536(a).

[60] Reply Br. 7-8.

[61] *See* Supr. Ct. R. 8.

[62] *Id.*

[63] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) (citing Super. Ct. R. 8); *accord Shawe v. Elting*, 157 A.3d 152, 168 (Del. 2017) (quoting *Smith v. Del. State Univ.*, 47 A.3d 472, 479 (Del. 2012).

[64] *Turner v. State*, 5 A.3d 612, 615 (Del. 2010).

because of the contractarian nature of this State would eviscerate Rule 8 in the contract context.

As such, we find that the interests of justice do not require us to review this issue.

## IV.    CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Superior Court's judgment.